UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REGINALD GREEN

VERSUS

ALFREDO REYES, ET AL.

CIVIL ACTION

NO. 19-123-JWD-EWD

**<u>NOTICE AND ORDER</u>**

On December 11, 2018, plaintiff, Reginald Green ("Plaintiff"), filed a Petition for Damages (the "Petition") against Alfredo Reyes ("Reyes"), A & K Transportation Services Corporation ("A & K"), National Independent Truckers Insurance Company ("NITIC"), and State Farm Mutual Automobile Insurance Company ("State Farm"),[1] for damages allegedly arising out of a January 17, 2018 automobile accident.[2] In the Petition, Plaintiff alleges that "as a result of this violent and unexpected collision, [he] sustained lost wages, impairment to earning capacity, mental anguish, and serious personal injuries" and that he "was forced to consult a private physician for injuries to the mind and body incurring medical expenses…."[3] Plaintiff seeks to recover "damages for past, present and future medical expenses; damages for past, present and future physical and mental suffering; for permanent disabilities; for impairment of earning capacity and/or loss of wages; and for inconvenience…."[4]

On February 25, 2019, NITIC filed a Notice of Removal based on federal diversity subject matter jurisdiction, 28 U.S.C. § 1332.[5] Although NITIC adequately alleges the citizenship of the

---

[1] There is also an undated First Supplemental and Amending Petition for Damages attached to the Notice of Removal. R. Doc. 1-2, pp. 4-5. The First Supplemental and Amending Petition for Damages names Allstate Insurance Company in the place of State Farm Mutual Automobile Insurance Company. R. Doc. 1-2, p. 4, ¶ 2. However, there is nothing to indicate that the First Supplemental and Amending Petition for Damages was filed prior to removal.

[2] R. Doc. 1-2, pp. 1-3.

[3] R. Doc. 1-2, p. 2, ¶ 4.

[4] R. Doc. 1-2, p. 3.

[5] R. Doc. 1, ¶ 15.

1

individual parties,[6] the Notice of Removal is insufficient with respect to the allegations of citizenship of A & K, NITIC, and State Farm. Per the Notice of Removal, A & K "is a foreign corporation with its principal place of business in the State of Florida."[7] However, in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."[8] The Notice of Removal also asserts that NITIC and State Farm are both "foreign insurer[s], licensed to do and doing business in the State of Louisiana."[9] In the event either NITIC or State Farm is a corporation, that defendant's principal place of business and state of incorporation must be alleged.[10] In the event either NITIC or State Farm is a limited liability company or other type unincorporated association, the Notice of Removal must identify each of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[11] The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[12]

In addition to the insufficiency of certain allegations of citizenship set forth above, the undersigned also *sua sponte* raises the issue of whether the amount in controversy requirement has

---

[6] NITIC alleges that Plaintiff is domiciled in Louisiana, and that defendant Reyes is domiciled in Florida. R. Doc. 1, ¶¶ 2 & 3.

[7] R. Doc. 1, ¶ 4.

[8] *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[9] R. Doc. 1, ¶¶ 5-6.

[10] *Getty Oil*, 841 F.2d at 1259.

[11] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[12] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

been met. Plaintiff's Petition does not specify what injuries Plaintiff sustained in the accident and instead only alleges that his injuries were "serious."[13] There is no allegation in the Petition regarding the amount in controversy, and Plaintiff only lists general categories of damages. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[14] Accordingly, the amount in controversy is not facially apparent from the Petition, and NITIC bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.[15]

In its Notice of Removal, NITIC asserts that prior to removal, "counsel for NITIC requested that plaintiff stipulate that the plaintiff's damages in the suit do not exceed $75,000.00"[16] and that in response to this request, plaintiff's attorney advised that Plaintiff "had recently undergone epidural steroid injections to the cervical and lumbar spine" and that "under the

---

[13] R. Doc. 1-2, p. 2, ¶ 4.

[14] *See*, *Anderson v. Swift Transportation Company of Arizona, LLC*, Civil Action No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, Civil Action No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, Civil Action No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08 CV 1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. Civ. A. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

[15] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)). Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[16] R. Doc. 1, ¶ 12.

circumstances plaintiff refused to stipulate that the damages at issue do not exceed $75,000.00."[17] NITIC asserts that based on this refusal, as well as the disclosure of Plaintiff's medical records, "it is now apparent that the plaintiff's alleged damages resulting from the subject accident at issue in this suit are now likely to exceed the $75,000.00 threshold."[18]

A review of the medical records attached to the Notice of Removal indicates that Plaintiff's medical expenses total approximately $9,971.90[19] and there is nothing to indicate that Plaintiff's treating doctors have recommended surgery.[20] This Court recently explained that "'[s]everal recent federal court decisions have held that the removing defendant did not meet its burden of providing [sic] the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal.'"[21]

---

[17] R. Doc. 1, ¶ 13.

[18] R. Doc. 1, ¶ 14.

[19] R. Doc. 1-3. Those records include an MRI impression of the lumbar spine indicating multiple bulging discs. R. Doc. 1-3, p. 9.

[20] While Plaintiff alleges a 'permanent disability" in his Petition, such allegation appears to be generic and untethered to any specific injury. *See*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (facially apparent that the amount in controversy met where plaintiff alleged injuries to upper and lower back, right wrist, and left knee and patella and claimed damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, permanent disability, and disfigurement); *Kelly v. Dolgencorp, LLC*, Civil Action No. 10-879, 2010 WL 4484359, at * 2 (W.D. La. Nov. 1, 2010) (finding plaintiff's allegations, including the allegation of permanent disability, general and conclusory and distinguishing cases in which plaintiff claimed permanent disability in conjunction with specific injuries); *Guidry v. Murphy Oil USA, Inc.*, 2013 WL 4542433, at * 5 (M.D. La. Aug. 27, 2013) (noting that an allegation of permanent disability or impairment "would significantly increase the amount in controversy" but that it was not facially apparent that the amount in controversy was met based on plaintiff's unspecified allegations that he suffered injuries to his left arm, left shoulder, left elbow, and neck and included a "generic list of damages [that] can be found in many personal injury cases" [physical pain, mental pain and anguish, medical expenses, and loss of enjoyment of life].); *Touchet v. Union Oil Co. of California*, 2002 WL 465167, at * 2 (E.D. La. March 26, 2002) (distinguishing *Gebbia* and explaining that although plaintiff alleged "permanent disability," plaintiff did not allege specific injuries like the plaintiff in *Gebbia*).

[21] *Shelton v. Hallmark Trucking Ins. Co.*, No. 17-1683, 2018 WL 1998341, at * 4 (M.D. La. March 27, 2018) (quoting *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017)). This Court also stated that "'a general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections.'" *Id*.

Further, this Court has noted that the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.[22]

Based on the information contained in the Petition and the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **Monday, March 11, 2019**, National Independent Truckers Insurance Company shall file a Motion to Substitute the Notice of Removal with a comprehensive Amended Notice of Removal that adequately alleges the citizenship of National Independent Truckers Insurance Company, A & K Transportation Services Corporation, and State Farm Mutual Automobile Insurance Company.

**IT IS FURTHER ORDERED** that on or before **Monday, March 11, 2019**, National Independent Truckers Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **Thursday, March 21, 2019,** Plaintiff shall file either: (1) a Notice stating that Plaintiff agrees that NITIC has established, by a

---

[22] *Torres v. Mall of Louisiana, LLC*, Civil Action No. 17-466, 2017 WL 6994347, at * 3, n. 20 (M.D. La. Dec. 5, 2017) ("this Court has previously held that, 'Plaintiffs did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'") (citing *Cole v. Mesilla Valley Transportation*, Civ. A. No. 16-841-SDD-RLB, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017) (quoting *Lipford v. Boehringer Ingelheim Pharm., Inc.*, Civ. A. No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)); *Jacobs v. Fred's Super Dollar Store*, Civil Action No. 15-234, 2015 WL 4543060, at * 4 (M.D. La. July 27, 2015) ("Plaintiff did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.' Such a refusal 'is but one factor for the court to consider.'") (internal citation omitted). *See also*, *Lowe v. State Farm Fire & Cas. Co.*, Civil Action No. 07-7454, 2008 WL 906311, at * 2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").

preponderance of the evidence, that the amount in controversy likely exceeds $75,000.00;[23] or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on February 28, 2019.

     **ERIN WILDER-DOOMES**
     **UNITED STATES MAGISTRATE JUDGE**

---

[23] *See*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).